IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

    Plaintiff,                        No. CIV S-07-2485-GEB-DAD P

    vs.

RICHARD MANDEVILLE, et al.,

    Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several of plaintiff's requests are pending before the court.

        First, plaintiff has filed a request for a scheduling order in this case. Plaintiff has also filed a related request for clarification of the cut-off date for pretrial discovery and has asked the court to keep discovery open through April 13, 2009. Plaintiff is advised that, at the appropriate time, the court will issue a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. The scheduling order will contain a discovery cut-off date as well as other pretrial deadlines. Until that time, however, plaintiff may continue to engage in discovery.

        Second, plaintiff has filed an application for a court-appointed deposition reporter to take the deposition of potential witness Dr. Vishal. In addition, plaintiff has filed a motion to amend his application in which he requests that the court-appointed deposition reporter also take

the deposition of potential witness Myra Spinks.  Defendants have opposed plaintiff's requests, arguing that plaintiff may examine prospective witnesses by written questions.  Plaintiff is advised that the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize the expenditure of public funds for a court-appointed deposition reporter to take depositions of potential witnesses.  See 28 U.S.C. § 1915.  Accordingly, plaintiff's requests will be denied.

Third, plaintiff has filed a motion to compel CSP-Sacramento litigation coordinators to comply with the California Public Records Act and produce a March 6, 2008 incident report filed by Correctional Officer Gregory Hampton.  According to plaintiff, the report in question describes an incident where he was rushed to the C-Facility Clinic for a medical emergency.  Plaintiff is advised that, under Rule 34 of the Federal Rules of Civil Procedure, "[a]ny party may serve on any other party a request" for production of documents.  Fed. R. Civ. P. 34.  Here, however, the litigation coordinators are not parties to this action, so the court cannot compel them to produce documents pursuant to Rule 34.  See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415-16 (9th Cir. 1985); Viera v. Woodford, 258 Fed. Appx. 924, 2007 WL 4357761 *1 (9th Cir. 2007) ("the district court did not abuse its discretion by denying [a state prisoner's] motion to compel production of documents from non-parties under Fed. R. Civ. P. 34. . . .").[1] See also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 111-12 (1969) (court is unable to issue orders against individuals who are not parties to a suit pending before it). Accordingly, plaintiff's motion to compel will be denied.[2]

---

[1] Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2] If plaintiff has not yet obtained a copy of the incident report he seeks, the undersigned notes that copies of incident reports may often be found in an inmate's central file, which plaintiff should have access to at the prison of his confinement.  If plaintiff is unable to obtain a copy of the report from his central file, he may seek a copy of it from one of the defendants in this action or from the custodian of records through the pretrial discovery process.

Finally, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Accordingly, plaintiff's motion for appointment of counsel will be denied.

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 14, 2008 request for a scheduling order (Doc. No. 18) is denied as unnecessary;

2. Plaintiff's July 14, 2008 and November 3, 2008 requests for a court-appointed reporter to take the depositions of potential witnesses (Doc. Nos. 19 & 32) are denied;

3. Plaintiff's July 24, 2008 motion to compel (Doc. No. 21) is denied;

4. Plaintiff's August 8, 2008 motion for appointment of counsel (Doc. No. 24) is denied;

5. Plaintiff's November 3, 2008 request for clarification regarding the discovery deadline (Doc. No. 31) is granted; and

6. Plaintiff's January 14, 2009 motion for an extension of time to conduct discovery (Doc. No. 33) is denied as unnecessary.

DATED: February 13, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kilg2485.31

3