IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

        Plaintiff,                  No. CIV S-07-2485 GEB DAD P

    vs.

RICHARD MANDEVILLE, et al.,

        Defendants.         <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

        Plaintiff is proceeding on an amended complaint against defendants Bal, Borges, Dunne, Forshay, Hampton, Kelly Wedell, and Winton. Therein, he alleges that defendants have been deliberately indifferent to his medical needs in connection with a tissue mass or tumor that extended from his right nostril. Pending before the court is plaintiff's motion to compel discovery. Defendants have failed to file an opposition to the motion.[1]

---

[1] Pursuant to this court's April 15, 2008 order, all motions concerning discovery shall be briefed according to Local Rule 78-230(m). For the reasons set forth below, the court will deny the pending motion to compel without hearing from defendants. However, in the future, the court expects defense counsel to file an opposition or a statement of non-opposition in response to plaintiff's motions.

1

# PLAINTIFF'S MOTION TO COMPEL

In his motion to compel, plaintiff explains that he has served his first set of requests for production of documents, admission, and interrogatories on defendants Bal, Borges, Dunne, Hampton, and Kelly. He has also served a second set of requests for production of documents on defendants. Plaintiff acknowledges that the defendants have responded to his discovery requests. However, he argues that the "defendants responded by flouting egregiously the Federal Rules governing discovery, playing hide-and-seek with information basic to Plaintiff's claims, and misrepresenting pertinent facts to Plaintiff." Plaintiff maintains that defendants' discovery violations are so excessive that the court should force them to do a "do-over." Plaintiff notes that because of the broad nature of defendants' discovery violations, he is unable to address each discovery request separately. Instead, he broadly points to categories of information that defendants have allegedly withheld from him. (Pl.'s Mot. to Compel at 2-4.)

For example, as to his request for production of documents, plaintiff argues that defendants have failed to produce his medical file. Instead, they claim that his file is available to him upon request to the appropriate prison staff. In addition, plaintiff argues that under the California Department of Corrections and Rehabilitation ("CDCR") Inmate Medical Services Program Policies and Procedures Manual, certain documents he has requested must exist according to policy but the defendants claim otherwise. Plaintiff contends that the court should compel the defendants to search for and produce all documents responsive to his first and second set of requests for production of documents. (Pl.'s Mot. to Compel at 3-7.)

As to plaintiff's requests for admission, he argues that defendants either denied his requests on the ground that they have no direct knowledge of the pertinent facts or responded with "evasive denials." According to plaintiff, the defendants are required to investigate the sources reasonably available to them to answer his requests for admissions. In plaintiff's view, the defendants hold positions of employment that allow them control over pertinent information and personnel. Plaintiff notes that he even attached to his requests for admission medical

documents that should have enabled defendants to provide an unequivocal admission or denial. Plaintiff contends that defendants' responses are evasive, incomplete, and otherwise non-responsive, and court should order these matters admitted. (Pl.'s Mot. to Compel at 7-17.)

As to his interrogatories, plaintiff argues that he requested information regarding individuals who are likely to have discoverable information, including medical personnel who treated him. Plaintiff argues that, in lieu of answering his interrogatories, the defendants have instead responded to the vast majority of the interrogatories with objections. Defendants have also refused to identify individuals with relevant information and instead refer plaintiff to his medical file. Plaintiff argues that to the extent that defendants refer to him to his medical file, they should be required to produce the relevant portions of the file and identify the personnel who treated him. Plaintiff contends that defendants' conduct during discovery is prohibited, and the court should compel them to supplement their responses to his interrogatories. (Pl.'s Mot. to Compel at 17-19.)

Finally, plaintiff argues that defendants' discovery violations are so egregious that the court should issue sanctions against them and award him $50,000 in attorney's fees. (Pl.'s Mot. to Compel at 22-24.)

**ANALYSIS**

Plaintiff's motion to compel is inadequate and will be denied without prejudice. In his motion, plaintiff does not contest specific discovery responses. Rather, plaintiff summarily argues that all of defendants' responses are inadequate and asks the court to compel defendants to provide further responses. Plaintiff has attached to his motion more than 500 pages of discovery documents, including his discovery requests and defendants' responses thereto. At a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.

See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

The court does not hold litigants proceeding pro se to precisely the same standards that it holds attorneys. However, the court will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient. Plaintiff has the burden of describing why a defendant's particular response is inadequate. He may not generally argue that all of defendants' responses are incomplete. Nor may plaintiff expect the court to make his arguments for him. See, e.g., Williams v. Flint, No. CIV S-06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete.").

Finally, the court has broad discretion to impose sanctions pursuant to Rule 37. However, the court finds that plaintiff's request for sanctions is premature under the current circumstances. In addition, as a pro se litigant plaintiff is not entitled to attorney's fees even if he were to prevail on a discovery motion.

In sum, plaintiff's motion to compel is too vague and conclusory for the court to grant him relief at this time. If plaintiff remains dissatisfied with defendants' responses to his discovery requests, he may renew his motion to compel. However, plaintiff may not simply argue in conclusory fashion that all of the discovery he seeks is relevant or that all of the defendants' responses are inadequate. Plaintiff is strongly cautioned that this court will not

/////

entertain a renewed motion that does not comport with the instructions in this order as to the format and content of a proper motion to compel.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 22, 2009 motion to compel (Doc. No. 34) is denied without prejudice.

DATED: March 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kilg2485.mtc