IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

        Plaintiff,                     No. CIV S-07-2485 GEB DAD P

    vs.

RICHARD MANDEVILLE, et al.,

        Defendants.            <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a court order requiring a third-party, Myra Spinks, to answer written deposition questions.

        In his motion, plaintiff argues that he seeks material evidence from Ms. Spinks and would like the court to issue an order requiring the Litigation Coordinator at CSP-Sacramento to arrange for the recording of Ms. Spinks' deposition at plaintiff's expense. Plaintiff has attached to his motion copies of the questions he would like Ms. Spinks to answer.

/////

/////

/////

1

Under Rule 26 of the Federal Rules of Civil Procedure, discovery may be limited if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other sources that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. . . .

Fed. R. Civ. P. 26(b)(2)(C).

As the court previously advised plaintiff, this court will grant him leave to take written depositions only upon a showing that the depositions will lead to relevant probative evidence with respect to plaintiff's constitutional claims. Here, the relevancy of Ms. Spinks' testimony is not obvious from plaintiff's motion. However, even assuming arguendo that plaintiff had demonstrated that the discovery he seeks from Ms. Spinks is relevant to his deliberate indifference claim, he has not shown that he is able and willing to procure the services of an officer that could administer the written deposition, certify Ms. Spinks' responses, and prepare a record. Fed. R. Civ. P. 31(a)(3) & (b). In addition, plaintiff has not shown that the discovery he seeks unobtainable from parties to this action. Nor has plaintiff explained why the discovery cannot be obtained by less burdensome means.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 29, 2009 motion for a court order (Doc. No. 47) is denied.

DATED: August 20, 2009.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kilg2485.wdep

2