IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

    Plaintiff,　　　　　　　　　No. CIV S-07-2485-GEB-DAD P

    vs.

RICHARD MANDEVILLE, et al.,

    Defendants.　　　　　　　　ORDER
_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to vacate the court's scheduling order until the court appoints him counsel. In his motion, he claims that he may be scheduled for surgery in the near future, and in light of his anticipated surgery and recovery, he will be incapable of further litigating this matter without counsel.

    Plaintiff has not shown good cause to modify the court's scheduling order. See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). At this time, plaintiff has not been scheduled for surgery. In fact, according to plaintiff's exhibit, his future course of treatment, including what type of surgery he may need if any, is pending determination following further diagnostic tests. (Pl.'s Ex. C.)

/////

1

1           In addition, as the court previously advised plaintiff, the United States Supreme
2    Court has ruled that district courts lack authority to require counsel to represent indigent
3    prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In
4    certain exceptional circumstances, the district court may request the voluntary assistance of
5    counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
6    1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7           The test for exceptional circumstances requires the court to evaluate the plaintiff's
8    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
9    light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,
10   1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances
11   common to most prisoners, such as lack of legal education and limited law library access, do not
12   establish exceptional circumstances that would warrant a request for voluntary assistance of
13   counsel.  At this time, the court does not find the required exceptional circumstances.

14          Finally, the court notes that plaintiff is under no current obligation to submit
15   anything to the court.  When such an obligation arises in the future, plaintiff is advised that he
16   may submit requests for extensions of time in the event that he needs additional time to respond
17   to either defense counsel's motions or this court's orders.  Plaintiff is cautioned, however, that he
18   is required to diligently proceed with this action.  If he is unable to do so, he may request that this
19   action be voluntarily dismissed without prejudice and re-file his action at a later date.  <u>See</u> Fed.
20   R. Civ. P. 41(b).

21          Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that
22   plaintiff's December 4, 2009 motion to vacate the scheduling order until the court appoints him
23   counsel (Doc. No. 54) is denied.

24   DATED: December 15, 2009.

25                                                           _____
     DAD:9                                                   DALE A. DROZD
26   kilg2485.31(2)                                          UNITED STATES MAGISTRATE JUDGE

                                                   2