1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVAN KILGORE,

11          Plaintiff,                    No. 2:07-cv-2485 GEB KJN P

12      vs.

13   RICHARD MANDEVILLE, et al.,

14          Defendants.                   ORDER

15   _____/

16   I. BACKGROUND

17          Plaintiff is a state prisoner at California State Prison-Sacramento ("CSP-SAC").

18   Plaintiff is proceeding without counsel and in forma pauperis, in this civil rights action filed

19   pursuant to 42 U.S.C. § 1983.  This action is premised on plaintiff's allegations that defendants

20   provided constitutionally inadequate medical care in responding to plaintiff's complaints of sinus

21   problems, thereby allegedly causing plaintiff unnecessary pain and suffering, and resulting in

22   permanent nerve damage and disfigurement after surgical removal of an inverted sinus

23   papilloma.  Plaintiff is proceeding with an Amended Complaint (Dkt. No. 5) against the

24   following defendants, all employed during the relevant period at CSP-SAC:  Chief Medical

25   Officer Karen Kelly; Dr. Jasdeep Bal; Dr. Gabriel Borges; Dr. James R. Wedell; Registered

26   Nurse Nancy Dunne; Vocational Nurse Gloria Forshay; Vocational Nurse Marcus Winton; and

1    Correctional Officer Gregory Hampton.

2           By order filed June 21, 2010, the undersigned resolved several discovery matters

3    and extended the deadlines for filing discovery and dispositive motions.  Those deadlines were

4    vacated subject to the court's resolution of the following pending matters:  (1) plaintiff's motion

5    for discovery sanctions and to compel discovery (Dkt. No. 79); (2) plaintiff's motion for leave to

6    file a Second Amended Complaint (Dkt. No. 84); (3) plaintiff's motion for injunctive relief (Dkt.

7    No. 85); and (4) plaintiff's requests for discovery directed to third parties (Dkt. Nos. 87, 88).

8    II.  DISCUSSION

9           A.  Plaintiff's Motion for Discovery Sanctions and for Further Discovery

10          Plaintiff moves for discovery sanctions, in the form of terminating sanctions, issue

11   and/or evidence preclusion, and costs, based on his contention that defendants failed to comply

12   with the June 21, 2010 order of this court.  That order directed in pertinent part that:  (1)

13   defendants Kelly, Bal and Dunne each provide supplemental responses to plaintiff's

14   Interrogatories, Set One, as construed by the court; and (2) defendants Kelly, Bal, Dunne,

15   Hampton, Borges and Wedell each respond to plaintiff's further discovery requests, to be

16   subsequently served on defendants as authorized by the court.

17          1.  Plaintiff's Interrogatories, Set One (Defendants Bal, Kelly and Dunne)

18          In addressing plaintiff's first request to compel further answers to his

19   Interrogatories, Set One, the court ruled in pertinent part that defendants Kelly, Bal and Dunne

20   were each required to provide supplemental responses to plaintiff's Interrogatories, Set One, as

21   construed by the court.  (Dkt. No. 73.)  The court twice extended the time for defendants to

22   comply with the court's order, to July 30, 2010.  (Dkt. Nos. 74, 77.)

23          On September 3, 2010, plaintiff filed the instant motion for sanctions, asserting

24   that defendants had willfully violated the court's order in the following ways:  (1) that defendant

25   Kelly had failed to identify the individual members of CSP-SAC's "Specialty Clinic Staff"

26   ("schedulers"), responsible for scheduling plaintiff's referrals to, and appointments with, U.C.

1   Davis' Ear, Nose, Throat ("ENT") Clinic; and (2) that defendant Bal had failed to provide the

2   name of the individual he contacted at the Specialty Clinic Office on September 26, 2006.

3   Plaintiff argues in part that institutional policies require the designation of staff members to

4   maintain a "Specialty Referral Tracking Log" that should indicate which members were

5   responsible for contacting the ENT Clinic on behalf of plaintiff.

6         The court finds that the information sought by plaintiff is not encompassed by the

7   subject discovery requests, and that the amended responses of defendants Kelly and Bal are

8   adequate.  Defendant Kelly was directed by the court to identify all "providers" (not

9   "schedulers") of plaintiff's medical treatment in a detailed chronology,[1] and she did so.  (See

10  Dkt. No. 83-1 at 5-10.)  Defendant Bal was directed, in pertinent part, to identify all "medical

11  providers" involved in plaintiff's treatment, testing or referrals, "including Speciality Referral

12  Staff members."[2]  The court's inclusion of the latter category was intended to capture the

13  identities of all medical providers, whether or not employed by CSP-SAC, not "schedulers."  The

14  portion of Defendant Bal's amended response with which plaintiff now takes issues provides

15  (Dkt. No. 83-1 at 17-18 (emphasis added)):

16              With regard to Plaintiff's medical care, I ordered an axial and
                coronal CT scan (facial sheath protocol with contra[s]t) on
17              September 22, 2006.  The request was received on September 22,
                2006, and approval for the procedure was noted by Nurse Dunne
18              on October 3, 2006.  On September 26, 2006, the U.S. Davis ENT

19  _____

20      [1]  The court directed Kelly to "serve one amended answer responsive to plaintiff's
    Interrogatory Nos. 15-18 that succinctly and chronologically identifies, for the period April 17,
21  2006, through December 2006, plaintiff's medical treatment, the providers of each treatment, and
    the completion and forwarding of any CDCR referral forms, including the identity of the
22  providers making the referrals and to whom, and the identity of the providers responsible for
    responding to such referrals."  (Dkt. No. 73 at 17.)

23      [2]  The court directed Bal, in pertinent part, to "identify the date(s) and substance of any
    CDCR 7243 Form ["Request for Service" or "RFS" Form] or relevant 602 Form filed by
24  plaintiff, and any referrals or recommendations by you and/or other medical providers that
    plaintiff receive further diagnostic testing or procedures relative to his otolaryngological
25  complaints; provide the date(s) and substance of your response to any such referrals or
    recommendations, and/or the response of other identified medical providers, including Speciality
26  Referral Staff members."  (Dkt. No. 73 at 18.)

3

1   clinic was awaiting a CT scan for evaluation of Plaintiff's nasal
2   polyps/mass. *I contacted the consult desk for status of the*
    *appointment, and was informed that they were awaiting a schedule*
    *from the U.C. Davis ENT clinic.* I documented that staff would
3   follow-up in thirty days.

4   Bal's general reference to the "consult desk" is consistent with the court's direction that Bal

5   identify only "medical providers." Plaintiff's Eighth Amendment claims will not turn on the

6   identity of non-treatment staff, but on the assessments and decisions of treatment staff over the

7   passage of time. Plaintiff has or should have this information. Moreover, as the court previously

8   ruled, plaintiff's specific request to obtain a printout of the "read only" program that may reveal

9   "all speciality clinic request(s), etc. for the UC Davis ENT Clinic dating from April of 2006 to

10  present time," was denied because the information is unavailable. (Dkt. No. 73 at 7-8.)

11          Plaintiff also asserts that defendant Bal failed to identify all of the administrative

12  grievances that plaintiff filed while Bal was serving as plaintiff's primary care physician. (Dkt.

13  No. 79 at 6-7.)  Bal identified only the administrative grievance that required his direct response.

14  (Dkt. No. 83-1 at 20.)  The court notes that the requested information is likely not of the type

15  routinely maintained by a medical provider, but should instead be available through the CSP-

16  SAC Litigation Office, and is likely already within plaintiff's possession.  Accordingly, that

17  portion of the court's prior order directing defendant Bal to "identify the date(s) and substance of

18  any CDCR 7243 Form or relevant 602 Form filed by plaintiff" during the course of Bal's

19  treatment (Dkt. No. 73 at 18 (see n.2, supra)) is vacated.

20          Plaintiff also contends that defendant Dunne failed to comply with the court's

21  order to provided an amended answer to plaintiff's Interrogatory No. 8. (Dkt. No. 73 at 16.)

22  Defendants state that the supplemental response was served on plaintiff on July 22, 2010, and re-

23  served on plaintiff on October 5, 2010. (Dkt. No. 83 at 5; and Exh. C.)  The court finds that

24  Dunne's answer is adequate.

25          Therefore, the court denies as moot plaintiff's motion for an extension of time

26  (Dkt. No. 86) within which to respond to defendants' opposition, as well as plaintiff's request for

4

1    additional time to file a "reply argument" (Dkt. No. 92 at 5).

2                    2.  Plaintiff's Further Discovery Requests Addressed to the Parties

3                    When the court last addressed these matters, plaintiff contended that defendants

4    had failed entirely to respond to plaintiff's Interrogatories, Set Two.  Defendants responded that

5    they had never been served with the discovery requests.  The court authorized plaintiff to serve or

6    re-serve upon each defendant his Second Set of Interrogatories, and further allowed that

7    additional interrogatories could be served on defendant Kelly.  (Dkt. No. 73 at 19.)  Plaintiff now

8    contends that he re-served his Second Set of Interrogatories on defendants Kelly, Bal, Dunne,

9    Hampton and Borges, and also served on defendant Borges a Second Set of Requests for

10   Admissions, and on defendant Wedell a First Set of Requests for Admissions and one Production

11   Request, but that no defendant has provided any responses.  (Dkt. No. 79 at 8.)

12                   Defendants now inform the court that the only additional discovery they received

13   was plaintiff's Fourth Request for Production of Documents (set forth at Exh. F, Dkt. No. 83),

14   and that their response would be served on plaintiff no later than October 15, 2010 (Dkt. No. 83

15   at 6).  As to the other discovery requests, defendants assert, with supporting declarations from D.

16   Higginbotham, CSP-SAC Acting Central Services Captain, and L. Young, CSP-SAC Litigation

17   Coordinator, that they likely failed to receive plaintiff's additional requests because CSP-SAC's

18   mail system was significantly flawed during this period of time. (Dkt. No. 83 at 5-7; Exhs. D, E.)

19                   Given the passage of time, defendants' counsel will be required to file a

20   declaration stating that defendants have indeed responded to plaintiff's Fourth Request for

21   Production of Documents.  In addition, defendants shall, within thirty days after the filing date of

22   this order, serve plaintiff with answers to plaintiff's Interrogatories, Set Two, propounded on

23   defendants Kelly, Bal, Dunne, Hampton and Borges.  If defendants have not yet been served with

24   these interrogatories, apparently due to the CSP-SAC mailroom problems, then defendants shall

25   utilize the copies of the interrogatories set forth as attachments to plaintiff's motion (Dkt. No. 79

26   at 36-79).  (Although additional discovery is included in plaintiff's motion, such discovery was

1   not authorized by the court and therefore will not be compelled.)[3]  Defendants' counsel shall

2   thereafter file a declaration of compliance, including proof of service on plaintiff.

3             Plaintiff may not propound any further discovery in this action.

4             Accordingly, subject to defendants' compliance with this order, plaintiff's motion

5   for discovery sanctions against defendants Kelly, Bal, Dunne, Hampton, Borges, and Wedell is

6   denied without prejudice, while his motion to compel further discovery responses is granted in

7   part.

8         B.  Plaintiff's Discovery Motions Directed to Third Parties

9             Plaintiff moves for an order directing non-parties D. Higginbotham, CSP-SAC

10  Acting Central Services Captain, and L. Young, CSP-SAC Litigation Coordinator, to answer

11  special interrogatories verifying and explaining in detail the circumstances of CSP-SAC's

12  mailroom problems (Dkt. No. 87), and moves to compel Young to timely provide plaintiff with a

13  copy of his "Mail Card" (CDC Form 119), which itemizes plaintiff's in-coming and out-going

14  legal mail (Dkt. No. 88).  Plaintiff's first motion is not authorized by the Federal Rules of Civil

15  Procedure and, moreover, is unnecessary in light of the court's order that defendants must

16  respond to plaintiff's additional authorized discovery requests.  However, plaintiff's second

17  motion is reasonable in light of the many alleged service problems in this case, and is reasonably

18  directed, by defendants' counsel, to a qualified official within CDCR, to produce a copy of

19  plaintiff's CDC Form 119 for the period September 1, 2010, to the present.  Although this

20  information may not be relied upon to obtain or challenge further discovery, it will address

21  plaintiff's many frustrations throughout the discovery process, will serve in the organization of

22  plaintiff's papers, and may latter prove relevant to issues of credibility.  Defendants shall serve

23  plaintiff with a copy his "Mail Card" (CDC Form 119) within thirty days after the filing date of

24  this order.

25

26        [3]  An exception is made for plaintiff's Fourth Request for Production of Documents, to
    which defendants represent they intended to respond.

C.  <u>Plaintiff's Motion to File a Second Amended Complaint</u>

Plaintiff requests leave to file a Second Amended Complaint and has submitted a proposed Second Amended Complaint.  (Dkt. No. 84.)  "Although five factors generally are considered when assessing the propriety of a motion to amend [bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint], futility of amendment alone can justify the denial of a motion." <u>Ahlmeyer v. Nevada System of Higher Education</u>, 555 F.3d 1051, 1055 (9th Cir. 2009) (fn. omitted), citing <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004).

Plaintiff already proceeds on an Amended Complaint, filed as a matter of course on December 7, 2007, prior to this court's screening of his initial complaint filed on November 19, 2007.  <u>See</u> Fed. R. Civ. P. 15(a)(1) (authorizing amendment through twenty-first day after service of initial pleading).  To allow further amendment at this juncture would cause undue delay and prejudice defendants.  This case is nearly three-and-one-half years old, challenging conduct that allegedly commenced in December 2005, more than five-and-one-half years ago. When the court screened the operative Amended Complaint (36 pages in length), it found that service was appropriate for eight defendants, all of whom have now appeared in this action and have been actively engaged in discovery.  The proposed Second Amended Complaint is 76 pages in length, with attachments totaling an additional 377 pages.  The proposed complaint seeks to add 25 additional named defendants, including 5 defendants associated with U.C. Davis Medical Center, and six defendants who were previously screened out by this court.  (<u>Cf.</u> Dkt. No. 84 at 5-18, with Dkt. No. 7 at 7-8.)  In addition, plaintiff seeks to add over 200 "Doe" defendants.  To permit even a fraction of these changes would significantly alter the course of this litigation and detract from the central legal claims which the court has found to be potentially cognizable.

Further amendment of the complaint would also unduly prolong the already-extended deadlines in this case.  Defendants filed a motion for summary judgment on February 16, 2010 (Dkt. No. 63), which the court vacated pursuant to plaintiff's motion to stay this action,

1   construed as a motion to amend the scheduling order, and in order to resolve plaintiff's motions

2   for discovery (Dkt. Nos. 68, 73.)  On June 21, 2010, this court carefully reviewed all pending

3   discovery matters and extended the deadlines for discovery and for filing a dispositive motion.

4   The instant motions ensued; their resolution will enable the imminent filing of dispositive

5   motions and a determination whether this case should proceed to trial on its fundamental claims.

6           For these reasons, plaintiff's motion for leave to file a Second Amended

7   Complaint is denied.  The court will entertain no further motions to amend the operative

8   complaint.

9       D.  Plaintiff's Motion for Injunctive Relief

10          Plaintiff contends that this court should order his immediate release from prison

11  because all factors supporting the granting of such preliminary injunctive relief are present.  "The

12  proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is

13  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

14  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

15  public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter

16  v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375-76 (2008).

17          Plaintiff contends that there is a strong likelihood that he will succeed on the

18  merits of this action; that plaintiff is likely to suffer irreparable injury if preliminary relief is not

19  granted;[4] that a balancing of hardships weighs in plaintiff's favor because his release "will not

20  cause defendants any real harm" (Dkt. No. 85 at 13); and that the granting of such relief would

21  further the public interest in safeguarding the constitutional rights and basic human needs of its

22  citizenry.

23          The motion is denied.  The instant civil rights action seeks damages for the

24  _____

25      [4] Plaintiff asserts that his "sinus lesion has exhibited a likelihood to recur," that "each
    time it recurs (or goes untreated) the likelihood of it becoming cancerous increases," and so he
    "will require continual follow up ENT care" (Dkt. No. 85 at 12); and that continued incarceration
26  exposes plaintiff to "an ongoing substantial risk of serious harm" (id. at 13).

alleged violation of plaintiff's constitutional rights and, if appropriate, injunctive relief limited to

plaintiff's further treatment.  Challenges to the fact of plaintiff's incarceration or to matters

affecting the duration of his confinement are the province of habeas corpus.  Preiser v.

Rodriguez, 411 U.S. 475, 500 (1973).

III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for discovery sanctions (Dkt. No. 79) is denied; plaintiff's

motion for an extension of time to reply to defendants' opposition to this motion (Dkt. No. 86) is

denied as moot.

2.  Plaintiff's related motion to compel responses to his further discovery requests

(Dkt. No. 79) is granted in part; defendants shall, within thirty days after the filing date of this

order, and consistent with the instructions set forth in this order, serve plaintiff with responses to

his Second Set of Interrogatories; defendants' counsel shall, within ten days thereafter, file with

the court a statement of compliance, which shall also include verification that defendants served

responses to plaintiff's Fourth Production Request.

3.  Plaintiff's motion compelling third parties Higginbotham and Young to answer

special interrogatories (Dkt. No. 87) is denied.

4.  Plaintiff's motion compelling the production of his "Mail Card" (CDC Form

119) (Dkt. No. 88) is granted; defendants shall, within thirty days after the filing date of this

order, serve plaintiff with a copy of such document, for the period September 1, 2010 to the

present.

5.  Plaintiff's motion for leave to file a Second Amended Complaint (Dkt. No. 84)

is denied.

6.  Plaintiff's motion for injunctive relief (Dkt. No. 85) is denied.

7.  Discovery shall remain closed in this action with the exception that defendants

shall timely serve plaintiff with the additional discovery items ordered herein.

1    8.  The deadline for filing dispositive motions is hereby scheduled for Friday, July

2 29, 2011.

3    SO ORDERED.

4 DATED:  May 3, 2011

5

6         _____

7        KENDALL J. NEWMAN
         UNITED STATES MAGISTRATE JUDGE

8 kilg2485.disc.misc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26