IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

      Plaintiff,           No. 2:07-cv-2485 GEB KJN P

  vs.

RICHARD MANDEVILLE, et al.,

      Defendant.        <u>ORDER</u>

                                   /

        Plaintiff is a state prisoner, incarcerated at California State Prison-Sacramento ("CSP-SAC"), who proceeds without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for an order staying these proceedings, motion for appointment of counsel, and request for an order directing the CSP-SAC litigation coordinator to produce a copy of plaintiff's incoming legal mail log, and to comply with the California Public Records Act.[1]

        This action proceeds on plaintiff's Amended Complaint filed December 7, 2007 (Dkt. No. 5), against the following eight defendants, all employed at CSP-SAC during the relevant period: Chief Medical Officer Karen Kelly; Dr. Jasdeep Bal; Dr. Gabriel Borges; Dr.

---

[1] Plaintiff's request for copies of this court's orders filed May 4, 2011, and June 9, 2011, was granted, and the copies provided, by order filed June 16, 2011. (Dkt. No. 98.)

1

James R. Wedell; Registered Nurse Nancy Dunne; Vocational Nurse Gloria Forshay; Vocational Nurse Marcus Winton; and Correctional Officer Gregory Hampton.  Plaintiff alleges that he received constitutionally inadequate medical treatment for an inverted sinus papilloma, resulting in unnecessary pain and suffering, permanent nerve damage, and disfigurement.

This case has been replete with delays and discovery disputes.  After the magistrate judge previously assigned to this case granted two requests for extensions of time, defendants filed a motion for summary judgment on February 16, 2010, one day after the last extended deadline.  This case was reassigned to the undersigned magistrate judge on February 9, 2010.  On March 2, 2010, this court vacated the scheduled trial date (Dkt. No. 68), and on June 21, 2010, ruled on several outstanding discovery disputes (Dkt. No. 73).  The court vacated without prejudice defendants' motion for summary judgment, extended the discovery deadline to September 10, 2010, and extended the deadline for filing dispositive motions to October 15, 2010.  (Id. at 23-4.)  Further discovery matters were addressed in orders filed July 23, 2010 (Dkt. No. 77), September 22, 2010 (Dkt. No. 81), May 4, 2011 (Dkt. No. 93), and June 9, 2011 (Dkt. No. 97).  Discovery is now closed.  The last-extended deadline for filing dispositive motions was July 29, 2011 (see Dkt. No. 93 at 10), has now passed; no dispositive motions were filed.[2]

Plaintiff now seeks, inter alia, a stay of this action for the purpose of exhausting his administrative remedies on First Amendment claims for denial of access to the courts and retaliation, with the intent of filing a "separate; however related, complaint."  (Dkt. No. 99 at 2.) The requirement that a prisoner exhaust his administrative remedies before bringing a Section 1983 action, 42 U.S.C. § 1997e(a), is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001). While a plaintiff may, under certain circumstances, add newly exhausted claims to an existing action, see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint

---

[2] It is unclear whether defendants failed to file a dispositive motion because they inadvertently missed the deadline or, since undertaking further discovery concluded that such motion would be futile.

containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint), the proposed new claims must be sufficiently related to the original claims to warrant their inclusion. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Thus, unrelated claims involving different defendants must be brought in separate lawsuits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). These requirements are intended to avoid unwieldy lawsuits, and, in the prisoner context, to ensure that a plaintiff pays the required filing fees and does not circumvent the three-strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

For these reasons,[3] plaintiff's request must be denied. The instant action is premised on plaintiff's contention that defendants named herein were deliberately indifferent to plaintiff's serious medical needs, in violation of the Eighth Amendment. Plaintiff's anticipated action involves First Amendment claims, against different defendants (CSP-SAC Litigation Coordinator "Linda Young, Stacy Vue, and Does (1)" (sic)) (Dkt. No. 99 at 2), and are premised on a separate set of facts, viz., a "separate . . . series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2). While plaintiff's new claims may be tangentially related to the instant action, insofar as plaintiff contends that the allegedly unconstitutional conduct of these putative defendants has been motivated by retaliation against plaintiff for filing the instant action, the matters remain distinct. Therefore, plaintiff's request to stay this action is denied.

Plaintiff next seeks an order directing CSP-SAC Litigation Coordinator Linda Young to produce a copy of plaintiff's incoming legal mail log, for the period January 1, 2001,

---

[3] In addition to the reasons set forth herein, the court notes that there is no mechanism for "staying" a Section 1983 action, as plaintiff requests, as compared to the "stay and abeyance option" available in habeas corpus actions, see Rhines v. Weber, 544 U.S. 269 (2005).

through June 2, 2011, and directing Ms. Young to comply with the California Public Records Act, apparently based on her refusal to provide plaintiff with the full names (rather than first initial and last name) of various staff members.

      Plaintiff's request for a copy of his incoming legal mail log is reasonable. This court has previously noted, based on declarations provided by defendants, including a declaration from Ms. Young, that the CSP-SAC mail system has had significant problems. (See Dkt. No. 93 at 5-6). The court previously, on May 4, 2011, ordered defendants to provide plaintiff a copy of his legal mail log ("CDC Form 119") "for the period September 1, 2010, to the present." (Id. at 6, 9.) Therefore, plaintiff's request will be granted, for the period commencing January 1, 2011,[4] through the date on which the log is produced.

      Plaintiff's further request that the court direct Ms. Young to comply with the California Public Records Act is not properly before this court, due to plaintiff's failure to exhaust his administrative remedies on this matter. The court takes no position regarding the adequacy of Ms. Young's response to plaintiff's request for the "full names" of CSP-SAC staff.

      Finally, plaintiff again requests appointment of counsel. Plaintiff's three prior requests (Dkt. Nos. 24, 54, 70) were each denied (Dkt. Nos. 35, 55, 73). In his most recent prior request for counsel (filed March 4, 2010), plaintiff emphasized, supported by medical documentation, that he was about to obtain further surgery on his nose, due to a recurrence of the subject sinus lesion (apparently the second time since filing this action). (Dkt. No. 70 at 2.) Plaintiff stated that he would be temporarily unable to pursue this litigation, and expressed concern, including "filing an opposition to defendants' motion for summary judgment, filing a pretrial statement and motion to obtain the attendance of witnesses." (Id.) Plaintiff sought, alternatively, an extension of time within which to respond to defendants' motion for summary

---

[4] Although there will be some overlap with the last ordered production, subsequent resolution of some of CSP-SAC's "mailroom problems" may have resulted in changes to plaintiff's incoming legal mail log; thus, plaintiff may compare the logs regarding this duplicate time period.

judgment, then pending. (Id. at 3-4.) The court denied plaintiff's request for appointment of counsel, but extended all deadlines. (Dkt. No. 73.)

Plaintiff now asserts that appointment of counsel is also necessary because his current efforts to pursue this action are being impeded by the allegedly retaliatory conduct of CSP-SAC staff. (Dkt. No. 99 at 2, 3.) Plaintiff states, "[a]s a result of the foregoing facts, Plaintiff's ability to effectively litigate the instant matter has presented exceptional circumstances telling of the existence of[,] and the continuing interference of[,] his efforts to seek redress and adequate medical care." (Id. at 3.)

The United States Supreme Court has ruled that district courts lack authority to *require* counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Rather, "[i]n proceedings in forma pauperis, the district court may request an attorney to [voluntarily] represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances. A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations and internal quotations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (fn. omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). See also General Order No. 230, U.S. District Court, Eastern District of California (setting forth criteria and procedures for appointing counsel in Section 1983 cases).

The court finds that the instant case now presents the required exceptional circumstances warranting appointment of counsel. Although plaintiff has worked effectively during the discovery phase of this litigation, he is, as a nonlawyer and prisoner, necessarily

limited at trial in his ability to elicit the necessary facts and articulate his legal claims, particularly because eight defendants remain in this action. Moreover, with effective legal representation, and assistance in obtaining a medical expert, there is a reasonable possibility that plaintiff may succeed on the merits of this action. Finally, it would be helpful to the court to have the assistance of counsel at trial in this action. For these several reasons, the court finds that appointment of counsel is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay this action is denied.

2. Plaintiff's request for an order directing defendants to produce a copy of plaintiff's incoming legal mail log, is granted; defendants shall, within fourteen days after the filing date of this order, serve plaintiff with a copy of his "Mail Card" (CDC Form 119), for the period January 1, 2011, through the date of production.

3. Plaintiff's request for an order directing the CSP-SAC Litigation Coordinator to comply with the California Public Records Act is denied.

4. Plaintiff's request for appointment of counsel is granted; the Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney admitted to practice in this court who is willing to accept this appointment.

SO ORDERED.

DATED: September 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg2485.misc.9.7.11