IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

      Plaintiff,                                 No. 2:07-cv-2485 GEB KJN P

      vs.

RICHARD MANDEVILLE, et al.,

      Defendants.                       <u>ORDER</u>

_____/

          On September 13, 2012, plaintiff, acting without his counsel, filed a motion "to substitute" his appointed counsel, and requested that his motion and exhibits, which contain confidential attorney-client correspondence, be filed under seal. Because of the confidential nature of this material, plaintiff's request to seal will be granted. Plaintiff's further request that the court direct prison staff to photocopy additional exhibits for the court's review is denied.

          Due to the pendency of the instant matters, the court vacates the dispositive motion deadline in this action, September 29, 2012, until further notice. No dispositive motions should be filed at this time.

          In his instant communication with the court, plaintiff asserts a perceived lack of confidence in the pro bono legal services provided by plaintiff's appointed counsel, Mr. Edward

1  Misleh.  This is the second such communication by plaintiff.  (See Dkt. Nos. 120, 121.)  Plaintiff
2  appears to request appointment of alternative pro bono counsel, although plaintiff previously
3  requested, in the alternative, "reinstatement of my pro se status . . . ."  (Dkt. No. 120 at 1.)
4         In order for the court to assess this matter, Mr. Misleh is directed to file, under
5  seal, within 21 days after the filing date of this order, a statement that summarizes counsel's
6  relevant communications with plaintiff (without disclosing the substance of any attorney-client
7  communications), and any concerns that counsel may have in his continued representation of
8  plaintiff.  Counsel's statement should address the considerations set forth in Rule 3-700, State
9  Bar of California, Rules of Professional Conduct, including whether there has been a breakdown
10 in communications between counsel and plaintiff.  Counsel's statement should identify the legal
11 services he has provided in this action to date.  Counsel shall also inform the court whether he
12 believes it would be beneficial for the undersigned to conduct a confidential telephonic hearing
13 regarding status of counsel with counsel and plaintiff.
14         The court will issue an appropriate ruling after review of the statement filed by
15 plaintiff's counsel and, if appropriate, a telephonic hearing.
16         Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:
17         1. Plaintiff's request to seal the motion and exhibits he submitted to the court on
18 September 13, 2012, is granted.  The Clerk of Court is directed to file these documents under
19 seal.
20         2. The dispositive motion deadline in this action, September 29, 2012 (see Dkt.
21 No. 115), is vacated until further notice of the court.
22         3. Plaintiff's request that the court direct prison staff to photocopy additional
23 exhibits is denied.
24 ////
25 ////
26 ////

4.  Plaintiff's counsel shall file under seal, within 21 days after the filing date of this order, a statement addressing the matters set forth above.

DATED: September 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg2485.counsel