IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

      Plaintiff,               No. 2:07-cv-2485 GEB KJN P

   vs.

RICHARD MANDEVILLE, et al.,

      Defendants.        <u>ORDER</u>

      Plaintiff is a state prisoner proceeding with court-appointed pro bono counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action, premised on plaintiff's claim of deliberate indifference to his serious medical needs, proceeds against eight defendants.

      Plaintiff's appointed counsel, Mr. Edward Misleh, moves to withdraw his representation of plaintiff due to a breakdown in attorney-client communications. (<u>See</u> Dkt. No. 124.) Plaintiff has filed a response wherein he: (1) asserts that Mr. Misleh's representation has been unsatisfactory; (2) requests appointment of Sacramento attorney Stewart Katz; and (3) states that a settlement conference would be helpful in resolving this action. (Dkt. No. 125.)

      The court has reviewed the positions of both plaintiff and Mr. Misleh. For good cause shown, Mr. Misleh's motion is granted. <u>See</u> Rule 3-700, Rules of Professional Conduct, State Bar of California. Mr. Misleh is dismissed from this action upon the filing of this order.

1

Plaintiff's request that the court, alternatively, appoint attorney Stewart Katz, is denied. Mr. Katz is not a member of this court's Pro Bono Panel and, therefore, the court is without authority to make such an appointment. Plaintiff is free to independently contact Mr. Katz, and make his request directly to Mr. Katz.

Counsel was appointed at the dispositive stage of this litigation based on findings that counsel would be particularly helpful if this case proceeded to trial. (See Dkt. No. 100 at 4-6.) Relying on the pertinent legal considerations set forth in Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004), and related cases, the court found that "the instant case now presents the required exceptional circumstances warranting appointment of counsel." (Dkt. No. 100 at 5.) The court reasoned (id. at 5-6):

> Although plaintiff has worked effectively during the discovery phase of this litigation, he is, as a nonlawyer and prisoner, necessarily limited at trial in his ability to elicit the necessary facts and articulate his legal claims, particularly because eight defendants remain in this action. Moreover, with effective legal representation, and assistance in obtaining a medical expert, there is a reasonable possibility that plaintiff may succeed on the merits of this action. Finally, it would be helpful to the court to have the assistance of counsel at trial in this action.

However, these circumstances have changed. It appears that plaintiff was unable to work effectively with appointed counsel. Moreover, plaintiff now wishes to convene a settlement conference, stating that he "has several alternate means in which to resolve this case that the defendants may be inclined to accept." (Dkt. No. 125 at 6.)

For these reasons, the court declines to appoint alternative counsel at this time. Plaintiff is reminded that attorneys appointed to represent prisoners in civil rights actions provide their services on a pro bono and voluntary basis, and the number of available attorneys is limited. Therefore, plaintiff shall now represent himself, and the court will solicit defendants' position regarding the possibility of settlement in this action.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Mr. Edward Misleh's motion to withdraw as plaintiff's appointed counsel (Dkt. No. 124), is granted; Mr. Misleh is relieved from representing plaintiff upon the filing of this order, at which time plaintiff shall represent himself.

2. Within thirty (30) days after the filing date of this order, defendants' counsel shall submit a confidential statement to the court that provides the following: (a) an assessment whether a settlement conference may be beneficial in this action; (b) identification of the factors, if any, that may prevent settlement of this action prior to trial; and (c) any additional information the court may find useful in determining whether to set this matter for a settlement conference.

3. Defendants' confidential statement shall not be served on plaintiff or filed with the court but, instead, delivered by mail, fax, e-mail or personal delivery to the chambers of the undersigned magistrate judge. The court will then determine whether this action is appropriate for a settlement conference

4. The Clerk of Court shall serve plaintiff with a copy of this order.

SO ORDERED.

DATED: October 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg2485.cnsl.wthdrw