IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

        Plaintiff,                    No. 2:07-cv-2485 GEB KJN P

    vs.

RICHARD MANDEVILLE, et al.,

        Defendants.         <u>ORDER</u>

_____/

        On October 23, 2012, this court granted the request of plaintiff's appointed counsel to withdraw his representation of plaintiff; plaintiff now represents himself in this action. (Dkt. No. 127.) In addition, pursuant to plaintiff's request, the court directed defense counsel to submit a confidential statement addressing the advisability of setting an early settlement conference. (<u>Id.</u>) The court has reviewed defendants' statement and concludes that it would be premature to set a settlement conference at this time, before the filing and resolution of dispositive motions. Discovery closed in this action on July 27, 2012. The dispositive motion deadline of September 29, 2012, was vacated pending the court's consideration of counsel's motion to withdraw. No other matters are pending in this action.

////

////

1 | Accordingly, IT IS HEREBY ORDERED that the deadline for filing dispositive
2 | motions is, and shall be, January 18, 2013.  Should defendants file and serve a motion for
3 | summary judgment, they shall also contemporaneously serve on plaintiff a notice of the
4 | requirements for opposing the motion, also provided as an attachment hereto.  See <u>Woods v.
5 | Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998).  Briefing
6 | shall be governed by Local Rule 230(l); thus, plaintiff's opposition to a motion for summary
7 | judgment must be filed and served within twenty-one (21) days after service of the motion.
8 | Defendants may file and serve a reply within seven (7) days after service of the opposition.
9 | SO ORDERED.
10 | DATED:  November 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg2485.sched

Rand Notice[1]

The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a

---

[1] This notice is provided to ensure that pro se prisoner plaintiffs "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).

declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

    If the court grants a defendant's motion for summary judgment, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.