IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

       Plaintiff,                    No. 2:07-cv-2485 GEB KJN P

    vs.

RICHARD MANDEVILLE, et al.,

       Defendants.            ORDER

_____/

        On October 23, 2012, this court granted the motion of plaintiff's appointed counsel to withdraw, and directed plaintiff to proceed in this action pro se. (Dkt. No. 127.) Thereafter, the parties submitted confidential statements regarding the advisability of setting a settlement conference. After reviewing the parties' statements, the court determined that a settlement conference would not be helpful at this time. (Dkt. No. 128.) The court noted that discovery expired in this case on July 27, 2012, and that the prior dispositive motion deadline of September 29, 2012 was vacated pending the court's consideration of counsel's motion to withdraw. The court set a new dispositive motion deadline of January 18, 2013. (Id.)

        Plaintiff now moves to re-open discovery. Defendants have not filed an opposition. Plaintiff's lengthy motion and exhibits recount the same alleged deficiencies in discovery recounted in plaintiff's criticisms of appointed counsel. For this reason, the court will

1

re-open discovery to permit plaintiff adequate time to obtain all appropriate discovery to date, and any other reasonable discovery he seeks.  Plaintiff is cautioned that this extension of time is not intended to position the court as the arbiter of any further discovery disputes in this action; the court has already spent an inordinate amount of time resolving discovery matters in this case.  Rather, plaintiff may utilize this time to collect and organize all discovery to date, and to seek limited discovery that is not duplicative of that already sought.  The court directs defendants' counsel to provide plaintiff, in an organized fashion, with copies of all discovery to date (to the extent plaintiff has not already received it from his former counsel).  While plaintiff cannot again depose defendants, he must seek to identify the alleged omissions in counsel's questioning, and rely on other evidence to support his claims.  Both plaintiff and defendants' counsel are encouraged to proceed cooperatively and in good faith in providing any reasonably requested discovery, and in resolving any disputes that may arise.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to re-open discovery (Dkt. No. 129), is granted.

2. The deadline for conducting any further discovery is now April 1, 2013.

3. Within fourteen (14) days after the filing date of this order, defendants' counsel shall provide plaintiff, in an organized fashion, with copies of all discovery to date (to the extent plaintiff has not already received it from his former counsel).

4. The deadline for filing dispositive motions is extended to June 28, 2013.  Any dispositive motion shall expressly inform plaintiff of the requirements for opposing such motion, as set forth by the Ninth Circuit Court of Appeals in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012).

////

////

////

////

1    5.  Plaintiff's motion to compel the filing of defendants' deposition transcripts
2 (Dkt. No. 130), is denied without prejudice.
3    SO ORDERED.
4 DATED: January 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg2485.reopen.disc.