UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN KILGORE,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD MANDEVILLE, et al.,<br><br>    Defendants. | No. 2:07-cv-2485 TLN KJN P<br><br><br>ORDER |

On February 21, 2014, this court issued findings and recommendations, recommending that defendants' motion for summary judgment be granted. (ECF No. 151.) On March 10, 2014, the court granted plaintiff's request to extend, by an additional thirty days, the original 14-day deadline for filing objections to the findings and recommendations. (ECF No. 153.) Objections are now due on or before April 10, 2014. (Id.)

Plaintiff has now filed a request for appointment of counsel, and for a medical expert, to assist in the preparation of his objections. Plaintiff notes that the court previously appointed counsel in this case, based on the following findings (ECF No. 100 at 5-6):

> The court finds that the instant case now presents the required exceptional circumstances warranting appointment of counsel. Although plaintiff has worked effectively during the discovery phase of this litigation, he is, as a nonlawyer and prisoner, necessarily limited at trial in his ability to elicit the necessary facts and articulate his legal claims, particularly because eight defendants remain in this action. Moreover, with effective legal representation,

1

> and assistance in obtaining a medical expert, there is a reasonable possibility that plaintiff may succeed on the merits of this action. Finally, it would be helpful to the court to have the assistance of counsel at trial in this action.

Although counsel was promptly appointed in this case, on September 16, 2011 (see ECF No. 101), approximately a year later, on August 13, 2012, plaintiff informed the court that he was concerned about the quality of appointed counsel's representation, and may "move for substitution of counsel or reinstatement of my pro se status or co-counsel status" (ECF No. 120 at 1). Thereafter, on September 13, 2012, plaintiff moved for substitution of appointed counsel. (ECF No. 122.) Counsel responded by requesting withdrawal, due to plaintiff's alleged unwillingness to cooperate. (ECF No. 124.) On October 23, 2012, the court granted counsel's motion, and denied plaintiff's request for substitution of a named attorney who was not a member of this court's pro bono panel and did not request the opportunity to represent plaintiff. The court noted that it was "without authority to make such an appointment [although] [p]laintiff is free to independently contact [the attorney], and make his request directly . . . ." (ECF No. 127 at 2.) The court further noted (id.):

> [C]ircumstances have changed. It appears that plaintiff was unable to work effectively with appointed counsel. Moreover, plaintiff now wishes to convene a settlement conference, stating that he "has several alternate means in which to resolve this case that the defendants may be inclined to accept." (ECF No. 125 at 6.) [¶] For these reasons, the court declines to appoint alternative counsel at this time. Plaintiff is reminded that attorneys appointed to represent prisoners in civil rights actions provide their services on a pro bono and voluntary basis, and the number of available attorneys is limited. Therefore, plaintiff shall now represent himself . . . .

In further support of his instant request for appointment, plaintiff has submitted additional medical information that he alleges demonstrates the deliberate indifference of defendants when they continued to prescribe plaintiff various medications that "did not differ in effect," instead of earlier referring plaintiff to an outside specialist. (ECF No. 154 at 3.) Plaintiff accurately notes that the court must consider such evidence, even if first presented in a pro se prisoner's objections to findings and recommendations. See Johnson v. Gonzalez, 520 Fed. Appx. 573 (9th Cir. 2013). However, plaintiff is not filing objections at this time, but a request for appointment of counsel

and a medical expert. Nevertheless, the court finds that plaintiff's new evidence does not support his request, largely because it appears that this evidence would not change the court's findings and recommendations. Significantly, those findings and recommendations were based in part on the depositions and declarations of defendants which were obtained by plaintiff's previously-appointed counsel.

For these reasons, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The court further finds that appointment of a medical expert is unwarranted at this late juncture. The in forma pauperis statute does not authorize the expenditure of public funds for medical experts. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). However, in this court, such expenses may be reimbursed to appointed counsel from the court's non-appropriated funds, subject to the discretion and prior approval of the presiding judge. See Eastern District Court General Order No. 510(4)(A)(3). Plaintiff's instant request is aimed only at supporting his objections to findings and recommendations. Moreover, as the court found in reviewing plaintiff's evidence in opposition to defendants' motion for summary judgment, "Notwithstanding the withdrawal of his appointed counsel, plaintiff's opposition to the instant motion is thorough and well documented." (ECF No. 151 at 1 n.1.) It is unlikely that appointment of a medical expert at this time would change the undersigned's assessment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 154) is denied without prejudice;

2. Plaintiff's request for a medical expert (ECF No. 154) is denied; and

3. The deadline for plaintiff to file objections to the findings and recommendations remains April 10, 2014.

SO ORDERED.

Dated: March 24, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kilg2485.appts.pndg.objs

3